RECEIVED
USDC WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 1-26-09
BY OM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHESAPEAKE LOUISIANA, L.P. | CIVIL ACTION NO. 08-1582 |
| VERSUS | JUDGE DONALD E. WALTER |
| CALVIN WHITE, ET AL. | MAGISTRATE HORNSBY |

## MEMORANDUM ORDER

Defendants have filed a motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1). [Doc. #14]. Defendants allege that Chesapeake Louisiana has failed to show that jurisdiction is proper under 28 U.S.C. §1332.

First, Defendants argue that Chesapeake has not established complete diversity of citizenship. The leases that form the subject of this litigation were originally entered into by Defendants, Louisiana citizens, and SunCoast, a Louisiana company. Chesapeake Louisiana, an Oklahoma company, alleges that SunCoast assigned the leases, but failed to attach a copy of the assignment document to the Complaint. Chesapeake cured this default by attaching a copy of the assignment to its Opposition to Defendants' motion to dismiss. [Docs. #16, 22, 24, and 25]. After a review of the assignment, it appears that there is complete diversity of citizenship.

Second, Defendants argue that Chesapeake failed to specify how it determined that the amount in controversy exceeds $75,000 as required by 28 U.S.C. §1332. A simple allegation by Plaintiff that the amount exceeds $75,000 is sufficient to establish the amount in controversy if made in good faith. Olan Mills, Inc. of Tenn. v. Enterprise Pub. Co., 210 F.2d 895, 896 (5th Cir. 1954). Dismissal is proper only if appears to a legal certainty that less than the jurisdictional amount is involved. Id. Chesapeake is seeking a declaratory judgment to establish its mineral rights to enter

and explore the property of each named lease. Thus, the amount in controversy involved includes not only the bonus amounts paid to Defendants, but also the value of the recoverable minerals from the properties during the lease period. A review of the complaint does not establish to a legal certainty that the jurisdictional amount is not met.

Defendants also make substantive arguments regarding the validity of the underlying contracts involved in the litigation. The Court will not consider these arguments in the context of a motion to dismiss pursuant to FRCP 12(b)(1). However, Defendants may file appropriate motions based on these arguments.

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. #14] is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this _16_ day of January, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE